## McKINNEY vs. REYNOLDS, Auditor.

### [APPEAL FROM ORDER REFUSING MANDAMUS.]

1. *Sheriff's fees in criminal cases; when payable by the State.*—The third clause of section 4340 of the Revised Code, provides for payment by the State of the sheriff's fees in criminal cases, except when the defendant has been convicted or a *nolle prosequi* entered, in which case they are payable by the county. Where the costs have been taxed against the prosecutor, or the foreman of the grand jury, there must be a return of execution "no property found."

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

The opinion contains the facts.

THOS. M. ARRINGTON, for appellant.
JOSHUA MORSE, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The appellant applied to the city court of Montgomery for a *mandamus* to the auditor of the State, to audit certain accounts which he, as sheriff of Limestone county, claimed to be a charge against the State. The application was denied.

The items of the accounts are fees in criminal cases, for

executing warrants of arrest, taking bail bonds, serving subpœnas, and committing prisoners to jail; services for which payment is allowed by section 4339 of the Revised Code. Section 4340 provides for their being taxed against the defendant on conviction, or against the prosecutor or the foreman of the grand jury, in cases of misdemeanor, under section 410 i; and if not taxed against them, or if an execution against them is returned " no property found," they must be paid by the State, except when they are payable by the county. Section 4438, page 847, makes them a charge against the county in cases where the defendant is convicted, and shown to be insolvent by a return of execution " no property found," and in which the State enters a *nolle prosequi.*

The accounts are certified to be correct by the clerk of the circuit court and sworn to before the probate judge, and are accompanied by the affidavit of the sheriff, as required by law. They contain items for services rendered in cases in which the defendant was convicted or acquitted, a *nolle prosequi* was entered, and the prosecution was abated by the death of the defendant. The State is liable only where the defendant was acquitted, or the prosecution was abated.

The judgment is reversed, and a *mandamus* will be issued from this court to the auditor to audit the appellant's account in these last named cases.